Slip Op. 16 - 18

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| MEYER CORPORATION, U.S., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Before: R. Kenton Musgrave, Senior Judge |
| : | Court No. 13-00154 |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**MEMORANDUM AND ORDER**

Dated:  February 23, 2016

*Joseph M. Donley*, Clark Hill, PLC, of Philadelphia, PA, and *John P. Donohue*, Reed Smith, LLC, of Philadelphia PA, for the plaintiff.

*Beverly A. Farrell*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for the defendant.  With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Amy M. Rubin*, Assistant Director.

Musgrave, Senior Judge:  Before the court is the plaintiff's motion to compel production of unredacted copies of certain documents sought in connection with discovery on this and several related actions filed to seek refund of alleged overpayment of customs duties to U.S. Customs and Border Protection ("Customs").  For the following reason, the plaintiff's motion is denied.

*Background*

The complaint underlying this motion alleges that the overpayments are due to Customs' denial of the arm's length "first sale rule" of *Nissho Iwai American Corp. v. United States*,

982 F.2d 505 (Fed. Cir. 1992), to entries of cookware the plaintiff imported beginning in 2009, and also due to Customs' denial of duty-free treatment under the Generalized System of Preferences ("GSP"), 19 U.S.C. §2461 *et seq.*, to merchandise imported from Thailand, a GSP country.

During discovery, on November 14, 2013, the plaintiff served a request for the production of documents upon the defendant, seeking, among other things, all documents related to the audit and internal advice request at issue in this case. From January to April 2014, the defendant produced nearly 10,000 pages of documents to the plaintiff, in addition to numerous Excel files maintained by Regulatory Audit ("Reg Audit"). Certain documents were redacted to remove content claimed as subject to various privileges and protections, including the deliberative process privilege and the law enforcement privilege. Business proprietary information of others, attorney-client communications, attorney work product, and Customs' computer system codes and information were also redacted. On April 30, 2014, the defendant provided the plaintiff with a detailed privilege log setting forth by document and Bates number the redacted content, specifying the date, document type, description of the document, author and recipient, privilege being invoked and the basis for the assertion.

Following the government's production, the plaintiff deposed, as fact witnesses, six Customs persons from Regulations and Rulings, Reg Audit, and the port of San Francisco. The plaintiff deposed the former Assistant Field Director of Reg Audit in San Francisco, who had retired, and also deposed Customs pursuant to Rule 30(b)(6).

Approximately one and one-half years after the documents were produced and eight depositions were taken, the plaintiff filed the instant motion to compel on October 23, 2015,

challenging Customs' assertion of the deliberative process and law enforcement privileges, and seeking the unredacted versions of those documents. The defendant opposes, arguing that the redacted portions of the documents are subject to the asserted privileges.

The plaintiff cites *Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571 (Ct. Cl. 2012) ("*Sikorsky*") for the procedural proposition that the privilege can only be invoked by an agency head or his or her designated subordinate (after careful, personal review, and the reviewer must identify the specific information that is subject to the privilege and provide reasons for maintaining the confidentiality of the pertinent record) and for the substantive proposition that the government must demonstrate the allegedly privileged material is both pre-decisional and deliberative. 106 Fed. Cl. at 576 (citations omitted). Responding, the defendant provides a Delegation Order from Customs' Commissioner as well as the Declaration of Myles Harmon, Acting Executive Director, Regulations and Rulings ("Harmon Declaration"), asserting the agency's deliberative process and law enforcement privileges.

Also in connection with its response, the defendant agreed to provide unredacted copies of certain documents, and asserted privilege over a document that had previously been produced in full. The plaintiff's motion for leave to file a reply having been granted, the supplemental papers (*i.e.*, the plaintiff's reply and the defendant's sur-reply on the plaintiff's motion to compel) continue the parties' dispute over whether Customs' two audit reports and the lengthy ruling of HQ H088815 provide sufficient explanation of why Customs denied first-sale and GSP treatment to Meyer's imported merchandise.

*Discussion*

As a preliminary matter, in order to show that a document or certain information in it is protected by the deliberative process privilege, (1) the department head having control of the requested information or his or her designated subordinate must make a formal claim (2) by way of affidavit sufficiently describing the information for which the agency is claiming the privilege and based on his or her actual consideration thereof. *See Elkem Metals Co. v. United States*, 24 CIT 1395, 1397-98 (2000); *see also*, *e.g.*, *Landry v. FDIC*, 204 F.3d 1125, 1135 (D.C. Cir. 2000), citing *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C. Cir. 1984). The same standard would appear to apply to assertion of the law enforcement privilege. *See Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996). On that basis, the plaintiff contends that the Harmon Declaration is too general and that paragraph eight thereof is too conclusory in nature. Pl's Reply at 3-5, referencing *PG&E v. United States*, 70 Fed. Cl. 128 (2006) and *Greenpeace v. National Marine Fisheries Serv.*, 198 F.R.D. 540 (W.D. Wash. 2000). The defendant argues those cases are distinguishable, as they involved blanket assertions of privilege whereas the Harmon Declaration is specific, incorporating by reference the privilege log previously provided to Meyer that "describes every document in detail, by date, the decision to which it relates, document type, title and purpose, author, recipient, privilege asserted and basis for the assertion of the privilege." Def's Sur-Reply at 5 (footnote omitted). *Cf. United States v. Optrex America, Inc.*, 28 CIT 993, 996 (2004), quoting *Burns v. Imagine Films Entertainment, Inc.*, 194 F.R.D. 589, 594 (1996).

Generally speaking, the deliberative process privilege prevents "injury to the quality of agency decisions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). The

privilege does not protect documents alone, but also "the decision making processes of government agencies." *Id*. at 150. The underlying purpose is to protect the quality of governmental decision-making by maintaining the confidentiality of advisory opinions, recommendations, and deliberations that comprise part of the process by which the government formulates law or policy. *See Petroleum Information Corp. v. U.S. Dept. of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992). Information that does not reveal the deliberative process, communications unrelated to the formulation of law or policy, and routine reports are not shielded by the privilege. *See*, *e.g.*, *id.*; *National Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1116-17 (9th Cir. 1988); *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160 (W.D. Wash. 1986). However, information that would reveal the "give-and-take of agencies' decision making," even facts such as whether to hold a meeting and who should attend a meeting, may fall within the deliberative process privilege. *See*, *e.g.*, *Competitive Enterprise Institute v. EPA*, 12 F. Supp. 3d 100, 117 (D.D.C. 2014), quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.Cir. 1980).

Returning to the main case upon which the plaintiff relies, "[m]aterial is pre-decisional if it address activities antecedent to the adoption of an agency policy." *Sikorsky*, 106 Fed. Cl. at 571 (internal quotes and citation omitted). However, "[a] claim of deliberative process privilege, even when properly established, is not absolute[; t]he deliberative process privilege is qualified, requiring the court to balance the interests of the parties for and against disclosures." *Id*. at 577 (citations omitted). Thus, "[t]he privilege may be defeated by a showing of evidentiary need by a plaintiff that outweighs the harm that disclosure of such information may cause to the defendant." *Id*. (internal quotes and citation omitted). The privilege may also be waived if the

government produces documents related to the subject matter of the privileged matter or produces the privileged matter in other litigation. *Id*. (citations omitted). "While documents may be pre-decisional and deliberative when originated, they will not be entitled to any deliberative privilege if they are applied by the decisionmakers --as 'secret law'-- or otherwise expressly adopted or incorporated by reference into the final decision." *USX Corp. v. United States*, 11 CIT 419, 420-21, 664 F. Supp. 519, 522 (1987) (citations omitted). "In addition, factual material contained in deliberative documents also falls outside of the privilege, to the extent that it is severable." *Id.*, 11 CIT at 421, 664 F. Supp. at 522.

At the defendant's request, the court has examined, *in camera*, the unredacted versions of the documents sought (which process should not be interpreted as impugning the veracity of the defendant's assertions of privilege), and after such examination, the court concludes that all the redacted information is clearly either business proprietary, agency proprietary, or work product prepared in anticipation of, and therefore antecedent to, one or more "decisions". The defendant summarizes those decisions potentially covered by Meyer's broad request for production as follows:

> • *Audit Report 811-07-OFO-AU-21434, August 31, 2009*: In this "main" audit, CBP concluded that the transaction between Meyer's manufacturer and related middleman on cookware from Thailand did not meet the requirements for first sale because it was not shown to be at arm's length [and that] certain cookware . . . did not qualify for GSP due to the exclusion of non-originating material that did not undergo a double substantial transformation. Meyer disagreed with the findings of Reg Audit and requested that the agency seek Internal Advice from [Regulations and Rulings], which [the agency] did.
>
> • *HQ H088815, September 28, 2011*: In response to the request for internal advice, CBP ruled that Meyer's use of the "first sale" price on its Thai merchandise was improper, that certain pots and pans manufactured in Thailand did not qualify for GSP because certain materials did not undergo a double substantial transformation in Thailand, and that certain cookware sets did not qualify for GSP treatment.

> • *Follow-Up Audit Report 811-11-OFO-F1-21434, June 12, 2012*: CBP conducted a follow-up audit, resulting in the issuance of a report, which sought to determine if Meyer was in compliance with HQ H088815 and to compute the loss of revenue based on the ruling's holdings on first sale, GSP and sets.

Def's Resp. at 5.

The court therefore concludes that the Harmon Declaration's invocation of privilege with respect to such redacted information is not improper, that there is no indication that any of the redactions in the remaining[1] documents challenged by the plaintiff are or have been used by the agency in dealings with the public, that none of the exceptions to the clam of privilege otherwise applies, and that the plaintiff does not persuade that it has an evidentiary need that outweighs the harm that disclosure of such information may cause to the defendant. To the extent the plaintiff disagrees with Customs' analysis and denial of its protest, the burden is on the plaintiff to establish its entitlement to first-sale and GSP treatment in accordance with the facts and law established during judicial review that is *de novo*.

*Conclusion & Order*

Therefore, in accordance with the foregoing, upon review of the motion of the plaintiff to compel the defendant to produce full unredacted versions of documents identified on Exhibit A to the plaintiff's brief on its motion, it must be, and hereby is

ORDERED that the plaintiff's motion to compel is denied.

**So ordered**.

Dated: February 23, 2016              /s/ R. Kenton Musgrave
       New York, New York             R. Kenton Musgrave, Senior Judge

---

[1] As part of its consideration of the plaintiff's motion to compel, the defendant explains that it released several redactions to the plaintiff. See Def's Resp. at 7-8 & n.7.