Slip Op. 16 - 103

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| MEYER CORPORATION, U.S., | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
|  | : | Court No. 13-00154 |
| UNITED STATES, | : | |
| Defendant. | : | |

**OPINION**

[Denying Plaintiff's motion in limine]

Dated: November 4, 2016

*John P. Donohue* and *Rachel B. Weil*, Reed Smith, LLP, of Philadelphia, PA, and *Joseph M. Donley* and *Christopher M. Brubaker*, Clark Hill, PLC, of Philadelphia, PA, for the plaintiff.

*Beverly A. Farrell*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for the defendant. On the brief were *Benjamin C. Mizer*, Acting Assistant Attorney General, and *Amy M. Rubin*, Assistant Director.

Musgrave, Senior Judge: The underlying action appears to test the "first sale" rule of *Nissho Iwai America, Corp. v. United States*, 982 F.2d 505 (1992), for the purpose of valuing certain cookware manufactured in both the People's Republic of China ("PRC") and Thailand. Now before the court is the plaintiff's motion *in limine* to test the relevancy of certain financial documents relating to the plaintiff's parent holding company, which owns the shares of not only the plaintiff, the importer of record, but those of the companies involved in the transfer-sales and further-

manufacture of the cookware from the PRC to Thailand.[1] As the overriding issue of the matter apparently disputes the meaning of "firm" in the relevant Customs regulation, the defendant opposes the plaintiff's motion, arguing that its arguments are more properly raised by way of a motion for partial summary judgment.

The plaintiff's novel attempt is understandable, since "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the [c]ourt to rule in advance of trial on the *relevance* of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial", *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted; emphasis added). Nonetheless, claims such as the defendant's are not to be dismissed *via* motions *in limine* in the Federal Circuit. *See Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) ("a motion *in limine* is not the appropriate vehicle for weighing the sufficiency of the evidence"). Since the relevancy of the financial documents the defendant has sought in discovery and for the purpose of trial depends, as indicated, upon how "firm" in 19 C.F.R. §152.103(*l*)(1)(iii) is to be properly interpreted in the context of this matter, the "fact" of what the

---

[1] The relevant regulation of U.S. Customs and Border Protection ("Customs") provided in relevant part at the time of import into the United States as follows:
  (*l*) Related buyer and seller -
  (1) Validation of transaction. The port director shall not disregard a transaction value solely because the buyer and seller are related. There will be related person transactions in which validation of the transaction value, using the procedures contained in §152.103(j)(2), may not be necessary.
  * * *
  (iii) Interpretative note 3. If it is shown that the price is adequate to ensure recovery of all costs plus a profit which is equivalent to the *firm's* overall profit realized over a representative period of time (*e.g.*, on an annual basis), in sales of merchandise of the same class or kind, this would demonstrate that the price has not been influenced.
19 C.F.R. §152.103(*l*)(1)(iii) (italics added).

financial statements of the plaintiff's parent holding company would purport does not appear at this point in the litigation to be a matter of material dispute. Therefore, the defendant is correct that the question the plaintiff poses is more properly addressed via a motion for partial summary judgment.

        The plaintiff has already received dispensation of the court's 14,000 word-count limitation and has separately filed a motion for partial summary judgment on a related issue not in excess of 20,000 words. The defendant's response thereto has been stayed pending a decision on the plaintiff's motion *in limine*. On the one hand, a motion to dismiss (for that is, in effect, the instant motion *in limine*) may be converted to a motion for summary judgment, *see Forest Labs., Inc. v. United States*, 29 CIT 1401, 1402 (2005), *aff'd*, 476 F.3d 877 (Fed. Cir. 2007), so long as the court maintains "the procedural protections of notice which the federal rules require before judgment on the merits may be granted", *see Brobst v. Columbus Servs. Int'l*, 761 F.2d 148, 154 (3d Cir. 1985), and such notice concerns are not present here, as both parties are well aware of what is at stake and each others' views of what facts are relevant to support their respective positions. On the other hand, as the defendant points out, under the Rules of this Court of International Trade, a motion for summary judgment must contain a Rule 56.3 statement and that statement must be supported by "citation to evidence which would be admissible." Def's Resp. to Mot. *In Limine*, quoting USCIT R. 56.3(c). There appears to be no reason why that Rule should be relaxed here -- or, for that matter, with respect to the plaintiff's other filed motion for summary judgment, ECF No. 61 (July 11, 2016).

        In view of the foregoing, the plaintiff's motion *in limine* must be, and hereby is, denied, but without prejudice to consolidating the substance thereof within a single motion for partial summary judgment. The plaintiff may therefore amend its motion for partial summary judgment in

Court No. 13-00154                                                                                                          Page 4

accordance with the foregoing by November 18, 2016, and for the purpose of such motion (and the defendant's response thereto), the word limitation shall be, and hereby is, increased to 28,000 words. The defendant's response shall be due within 30 days of any such amended consolidated motion for partial summary judgment filed by the plaintiff or otherwise by December 19, 2016.

**So ordered.**

                                                        /s/  R. Kenton Musgrave
                                                        R. Kenton Musgrave, Senior Judge

Dated:  November 4, 2016
          New York, New York