UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. THOMAS AQUILINO, SENIOR JUDGE

```
------------------------------------------------------------------- X
MEYER CORP., U.S.                          :
                                           :
                              Plaintiff,   :
                                           :
              v.                           :       Court No. 13-154
                                           :
UNITED STATES                              :
                                           :
                              Defendant.   :
------------------------------------------------------------------- X
```

**PLAINTIFF'S MOTION FOR A STATUS CONFERENCE**

In accordance with Rules 1 and 7 of the Rules of the United States Court of International Trade ("USCIT"), plaintiff Meyer Corp., U.S ("Meyer"), hereby moves the Court to conduct a status conference for the purpose of discussing the parties the most efficient way to advance this litigation forward after issuance of the Federal Circuit Court of Appeals mandate in Appeal No. 2021-1932 [ECF 193].

On August 11, 2022, the Court of Appeals entered a judgment vacating this Court's judgment as to the dutiable value of plaintiff's merchandise, and remanding the action to this Court for further proceedings [ECF 192]. This Court received the mandate on October 3, 2022 [ECF 193].

Plaintiff has contacted counsel for the Defendant United States numerous times with a view toward making a joint request for a status conference to address the Circuit's Mandate. Those contacts were made by email to defense counsel on October 4 and November 10, 2022. In the November 10 email to Defendant counsel, Plaintiff stated that unless Plaintiff received a reply by November 17, 2022, it would unilaterally proceed to request a conference with the Court. Plaintiff

also emailed defendant's counsel regarding its intent to file a motion requesting a status conference on November 23. 2022.  To date Plaintiff has had no reply to any email. Plaintiff therefore files this application unilaterally.

**Background**

From October 7, 2019 through October 11, 2019 trial was held in this action. On March 1, 2021 this Court issued Slip Op. 21-26, and entered judgment for the Defendant as to the transaction value of imported cookware. The Court's opinion relied heavily on the concept that the "first sale" rule of transaction appraisement set out in *Nissho Iwai American Corp. v. United States,* 982 F.2d 505 (Fed. Cir. 1992) requires that, to be an acceptable basis for determining transaction value, sales must be "absent any distortive nonmarket influences." The Court interpreted this to require plaintiff to prove "the absence of [Chinese] non-market influence" in the transaction at issue. Slip Op. 21-26 at 5. The Court analyzed this issue in the context of the Commerce Department's Non-Market Economy antidumping and countervailing duty proceedings. The Court remarked at the end of its opinion, that "the Court of Appeals for the Federal Circuit could provide clarification" on this issue.

Plaintiff appealed the judgement and the Federal Circuit has since provided this clarification. On August 11, 2022 the Federal Circuit issued an opinion holding that:

> The trial court misinterpreted our decision in *Nissho Iwai* to require any party to show the absence of all "distortive nonmarket influences. There is no basis in the statute for Customs or the court to consider the effects of a nonmarket economy on the transaction value. The statute requires only that "the relationship between [the] buyer and seller did not influence the price actually paid or payable." 19 U.S.C. § 1401a(b)(2)(B). This provision concerns effects of the relationship between the buyer and seller, not effects of government intervention, and especially not with government intervention that affects the industry as a whole

*Meyer Corp., U.S. v. United States*, 43F.4ᵗʰ 1325, 1332-1333 (Fed. Cir. 2022). The Federal Circuit vacated this Court's judgment in part and remanded the case "for the court to reconsider whether Meyer may rely on its first-sale prices." *Id.* at 1333. The Government did not further appeal to an *en banc* Federal Circuit, or request a *writ of certiorari* from the Supreme Court. On October 3, 2022 the mandate from the Federal Circuit was issued and filed with this Court [ECF 192]. This Court and the parties are now tasked with moving this litigation forward in accordance with the Federal Circuits Mandate "to reconsider whether Meyer may rely on its first-sale prices." *Id.* Plaintiff offers two alternatives.

## I. Court Annexed Mediation

Court Annexed Mediation is likely to be helpful and lead to a resolution of this action. Rule 16.1 of the Rules of the United States Court of International Trade states that "[a]t any time … any party may move for the referral to mediation of an action pending before the court." The only exceptions are if there are less than 30 days before the scheduled filing of a motion for summary judgement or trial, neither of which are currently scheduled in this case. "Mediation is a flexible, non-binding dispute resolution procedure in which a neutral third party, the mediator, facilitates negotiations between the parties to assist them with settlement." *Court's Guidelines for Court-Annexed Mediation* at p. 1. "A hallmark of mediation is its capacity to help parties expand traditional settlement discussions and broaden resolution options, often going beyond the legal issues in controversy." *Id.* Mediation sessions are "structured to help parties communicate, to clarify their understanding of underlying interests and concerns, probe the strengths and weaknesses of legal positions, explore the consequences of not settling and generate settlement options." *Id.* In this case, plaintiff believes that mediation will likely lead to a settlement, or other mutually-agreeable resolution of the case.

The instant case involves many hundreds of entries made over a period of years. A narrowing or resolution of issues through mediation would spare the parties and the Court a substantial burden in having to re-try this case. Plaintiff believes there may be room for meaningful negotiation and compromise between the parties in this case regarding the first sale issue. For both the parties and the Court it is always helpful if trial can be avoided, and litigation resolved in a timely fashion.  Plaintiff's counsel and the United States previously successfully used Court-Annexed Mediation to resolve a series of valuation cases. *See Ganz U.S.A., LLC v. United States*, Court No. 13-00027 (mediation before Judge Gordon). As such, plaintiff views Court annexed mediation as a possible avenue to settle this case without the need to retrial.

## II. <u>Motion for Retrial</u>

In light of the mandate by the Federal Circuit, retrial is an appropriate way to move this litigation forward on a record void of the nonmarket economy issue, which largely decided the Court's previous judgement.  The court has broad discretion in deciding a Rule 59 motion for reconsideration or rehearing. *Tianjin Magnesium Int'l Co. v. United States*, 36 C.I.T. 1698, 1699 (2012); *Ford Motor Co. v. United States*, 34 C.I.T. 1342, 1343 (2010).  "[A]n intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice," will support a Rule 59 reconsideration. *Ford Motor*, 34 C.I.T. at 1343; *NSK Corp. v. United States*, 593 F. Supp. 2d 1355, 1361 (Ct. Int'l Trade 2008). "A motion for reconsideration is thus a mechanism to correct a significant flaw in the original judgment.t" *Ford Motor,* 34 C.I.T. at 1343 (quoting *Peerless Clothing Int'l, Inc. v. United States,* 637 F. Supp. 2d 1253, 1256 (Ct. Int'l Tr. 2009)).

In this case, the previous judgment of the Court relied heavily on a legal issue of what was meant by "nonmarket influences" in a *Nissho Iwai* test, which has since been clarified by the

Federal Circuit. As such, a full or partial retrial of this action may be necessary to assist the Court in the correction of the legal error found by the Federal Circuit with respect to the valuation issue.

## **CONCLUSION**

Plaintiff wishes to avoid an unwieldy and unnecessarily complicated proceeding following the Mandate from the Federal Circuit. Both Court annexed mediation and a retrial are possible ways to do this. We submit that a Status Conference may aid the Court and the parties in avoiding such a proceeding and resolving this case in the letter and spirit of USCIT Rule 1. We move that the Court hold such a conference.

          Respectfully submitted,

          NEVILLE PETERSON LLP
          One Exchange Plaza
          55 Broadway, Suite 2602
          New York, New York 10006

By:   /s/ John M. Peterson
          John M. Peterson
          John P. Donohue
          Richard F. O'Neill
          Patrick B. Klein

          *Counsel for Meyer Corp U.S.*

December 9, 2022